UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KRISTIN H.,[1]

                                                        Plaintiff,                Case # 23-CV-6692-FPG

v.                                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                        Defendant.

## INTRODUCTION

Plaintiff Kristin H. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 8. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In March 2021, Plaintiff applied for SSI benefits with the Social Security Administration ("the SSA"). Tr.[2] 204–213. She alleged disability since April 5, 2020. Tr. 17. The claim was initially denied on September 28, 2021, and upon reconsideration on November 23, 2021. Tr. 17. On September 15, 2022, Administrative Law Judge Lori Romeo ("the ALJ") held a hearing. Tr.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

35–70. The ALJ issued a decision finding that Plaintiff was not disabled on December 8, 2022. Tr. 14–34. Plaintiff requested review by the Appeals Council, but the request was denied on October 19, 2023. Tr. 1–6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.     District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.    Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of

impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

I. **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff had severe impairments of unspecified depressive disorder, generalized anxiety disorder, trauma and stressor related disorder, and intellectual disability. Tr. 20. At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 20–23.

Next, the ALJ found that Plaintiff had the RFC to perform a range of light work except that she can have occasional exposure to humidity and wetness, extremes of heat and cold, and respiratory irritants. Tr. 23. The ALJ also added additional limitations that Plaintiff: (1) can understand, remember, and perform simple instructions; (2) can never interact with the public but can occasionally interact with coworkers and supervisors, but should not engage in joint or shared tasks; (3) cannot work with money or have a job requiring counting; and (4) will be off-task 10% of the workday in addition to normal breaks. Tr. 23. At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 27. At step five, the ALJ found that, given her age, education, work experience, and RFC, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Tr. 28. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 28.

II. **Analysis**

Plaintiff argues that remand is warranted for three reasons. ECF No. 6-1 at 11. First, Plaintiff argues that the ALJ failed to explain how she arrived at the specific limitations within the

RFC. *Id.* Second, Plaintiff argues that the ALJ improperly concluded that Plaintiff could have different levels of interaction with coworkers, supervisors, and the general public without any explanation or support in the record. *Id.* Third, Plaintiff argues that the ALJ failed to incorporate, and did not explain her failure to incorporate, all of the limitations from the persuasive opinions in the record. *Id.* The Court discusses each in turn.

### a. ALJ's Failure to Explain Specific Limitations in the RFC

Plaintiff argues that remand is warranted because the ALJ failed to explain how she arrived at the specific limitations contained within the RFC. *Id.* Specifically, she argues that the ALJ failed to point to any evidence suggesting that Plaintiff could perform the highly specific RFC, and she points to the limitation that Plaintiff will only be off-task 10% of the time as an example. *Id.* at 14. She argues that it is unclear where this specific limitation came from and why it did not go further. *Id.* Further, she contends that the ALJ engaged in no discussion or analysis tethering this restriction to the record that would permit any meaningful review. *Id.* The Court disagrees.

Generally, an ALJ's decision need not be explicit in every detail or exhaustive in its discussion of the evidence. All that is required is that an ALJ's analysis "afford[ ] an adequate basis for meaningful judicial review, appl[y] the proper legal standards, and [be] supported by substantial evidence." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Remand may be warranted where a court is "unable to fathom the ALJ's rationale in relation to [the] evidence in the record." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). Otherwise, so long as "the evidence of record permits [the court] to glean the rationale of an ALJ's decision," remand is not warranted. *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983).

In this case, the Court can glean the ALJ's rationale for the RFC. In the decision, the ALJ explains that she did not find the opinion from Plaintiff's therapist, Kristina Shamp, persuasive.

Tr. 25. On August 12, 2022, Shamp opined that Plaintiff had moderate limitations understanding, remembering, or applying information; marked limitations interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself; and she would be off-task more than 30% of the time and absent more than four days a month. Tr. 25. However, on September 8, 2022, Shamp opined that the claimant had marked limitations understanding, remembering, or applying information; moderate limitations interacting with others; mild limitations concentrating, persisting, or maintaining pace and adapting or managing oneself; and she would be off-task more than 30% of the time and absent four days a month. Tr. 25. The ALJ found the opinion unpersuasive because the opinion was inconsistent with Shamp's treatment notes and Plaintiff's treatment history; there was little evidence in Shamp's treatment notes to support such a drastic change in opinion in less than one month; and the marked limitations were inconsistent with the overall evidence of record. Tr. 25–26.

On the other hand, the ALJ found the consultative opinions of Dr. Ransom, Dr. Deneen, and the state agency evaluators persuasive. Tr. 26. Dr. Ransom opined that Plaintiff had moderate limitations interacting with others, sustaining concentration, sustaining an ordinary routine, regulating emotions, controlling behavior, and maintaining well-being. Tr. 26. She also opined that the claimant had no limitations understanding, remembering, or applying simple and complex directions, and using reason and judgment to make work-related decisions. Tr. 26. The ALJ found Dr. Ransom's opinion persuasive as it was consistent with her examination and consistent with the evidence of record. Tr. 26. Nevertheless, the ALJ found that the results of the intelligence testing warranted moderate limitations in understanding, remember, or applying information. Tr. 26.

Dr. Deneen opined that Plaintiff had mild limitations in understanding, remembering, or applying simple instructions and moderate to marked limitations with complex instructions and

6

limitations interacting with others. Tr. 26. He also opined that Plaintiff had moderate limitations using reason and judgment to make work-related decisions, sustaining concentration, sustaining an ordinary routine, regulating emotions, controlling behavior, and maintaining well-being. Tr. 26. The ALJ found that Dr. Deneen supported his opinion with the results of his examination, and that the moderate limitations were consistent with the overall evidence of record, Dr. Ransom's opinion, and Plaintiff's ability to perform activities of daily living. Tr. 26.

Finally, the state agency evaluators opined that Plaintiff's mental impairments caused, at most, moderate limitations in the functional areas of understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. Tr. 26–27. The ALJ found these opinions persuasive because the evaluators are highly qualified experts, they supported their opinions with references to the record, and the opinions were consistent with the overall evidence of record. Tr. 27.

From this record, the Court can glean the ALJ's rationale in crafting the RFC. The ALJ adequately explained why she rejected Shamp's opinion that Plaintiff will be off-task more than 30% of the time. Tr. 26–27. The ALJ also adequately explained why she found Dr. Ransom's, Dr. Deneen's, and the state agency evaluators' opinions persuasive. Therefore, the Court can glean that the ALJ found that Shamp's opinion that Plaintiff will be off-task more than 30% of the time was too great of a restriction, but that the moderate limitations opined by the persuasive opinions warranted a finding that Plaintiff will be off-task 10% of the time. *See Parent v. O'Malley*, No. 23-917, 2024 WL 3342463, at *2, n.2 (2d Cir. July 9, 2024) (summary order) (rejecting a plaintiff's argument that an ALJ's findings of moderate mental limitations supported the contention that he would be off-task more than 10% of the time). Plaintiff also argues more generally that the ALJ crafted a highly specific RFC without any explanation or support in the record, but she does not

specifically point to any portion of the RFC beyond the 10% off-task limitation when advancing this argument. Nevertheless, as Court explains below, the ALJ did not err in crafting the other parts of the RFC. Therefore, remand is not warranted on this ground.

### b. RFC Finding Related to Interacting with Others

Second, Plaintiff argues that the ALJ erred in the RFC determination by finding that Plaintiff could have different levels of interaction with coworkers, supervisors, and the general public. ECF No. 6-1 at 14. The RFC determination states that Plaintiff "can never interact with the public but she can occasionally interact with coworkers and supervisors, but she should not engage in joint or shared tasks." Tr. 23. Plaintiff argues that there is no support in the record for finding different levels of interaction, and that the ALJ provided no explanation for these specific limitations. ECF No. 6-1 at 15. Plaintiff further argues that the ALJ found Plaintiff to have a moderate limitation for interacting with others and that the opinion evidence does not distinguish between supervisors, coworkers, and the public. *Id.* The Court rejects this argument.

Again, an ALJ's decision need not be explicit in every detail or exhaustive in its discussion of the evidence. So long as "the evidence of record permits [the court] to glean the rationale of an ALJ's decision," remand is not warranted. *Mongeur*, 722 F.2d at 1040. In the RFC section, the ALJ notes that Plaintiff testified at the hearing that she did not like to be around groups of 20 to 30 people because she felt like people were watching her. Tr. 24. The ALJ also noted that Plaintiff testified that she could go out when there were fewer people around. Tr. 24. The Court can glean from the ALJ's decision that the ALJ's determination that Plaintiff can never interact with the public but can interact with coworkers and supervisors reflects this testimony.

Additionally, even assuming that the ALJ did not provide an adequate explanation for her finding regarding Plaintiff's interactions with others, any error is harmless. The ALJ's finding that

Plaintiff can have no interaction with the public is greater than a moderate limitation in interacting with others warrants. *See Jiminez v. Colvin*, No. 16-CV-6350, 2018 WL 459301, at *3 (W.D.N.Y. Jan. 18, 2018). Therefore, any error is harmless because Plaintiff received greater limitations in her RFC, which benefited her claim. *Id.* (holding that an ALJ erred by finding that a plaintiff could have no contact with the public as opposed to occasional contact with coworkers and supervisors, but that the error was harmless because it incorporated greater limitations than supported by the record). Consequently, the Court concludes that remand is not warranted on this ground.

### c.  Failure to Incorporate Moderate Limitations from Persuasive Opinions

Plaintiff's final argument is that the RFC is not supported by substantial evidence because although the ALJ found Dr. Ransom's, Dr. Deneen's, and the state agency evaluators' opinions persuasive, the ALJ did not incorporate, or explain her failure to incorporate, all of the moderate limitations opined by the doctors in the RFC. ECF No. 6-1 at 17. Specifically, Plaintiff argues that Dr. Deneen and Dr. Ransom opined that Plaintiff had a moderate limitation for sustaining an ordinary routine and regular attendance at work. *Id.* at 19. She also argues that the state agency evaluators opined similar limitations and "both opined that Plaintiff is moderately limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." *Id.* Plaintiff contends that despite finding all of these opinions persuasive, the ALJ did not account for the moderate limitations for sustaining an ordinary routine and regular attendance at work in the RFC. *Id.* Specifically, she argues that moderate limitations in sustaining an ordinary routine and regular attendance require further limitations, including absences. *Id.* at 22. The Court disagrees.

While an ALJ should consider all of the medical opinions received, the ALJ does not need to explicitly reference every moderate limitation by name, provided that the RFC appropriately reflects the limitation. *See Gibbons Thornton v. Colvin*, No. 14-CV-748S, 2016 WL 611041, at *4 (W.D.N.Y. Feb. 16, 2016). In this case, the RFC properly accounts for the moderate limitations in sustaining an ordinary routine and regular attendance. The RFC limits Plaintiff to light work and acknowledges that Plaintiff can only understand, remember, and perform simple instructions. Tr. 23. It also notes that she will be off-task 10% of the workday in addition to normal breaks. Tr. 23. Thus, while the ALJ did not explicitly mention the moderate limitations for sustaining an ordinary routine and regular attendance at work, the Court concludes that the ALJ's RFC accounted for such limitations. *See Landers v. Colvin*, No. 14-CV-1090S, 2016 WL 1211283, at *4 (W.D.N.Y. Mar. 29, 2016) (holding that an RFC determination limiting a plaintiff to "simple, repetitive, and routine tasks" accounted for plaintiff's moderate limitations in performing activities within a schedule and maintaining regular attendance). As such, remand is not warranted.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is DENIED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 11, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York